

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 8, 1960

Mr. H. R. Nieman, Jr.
Executive Director
State Building Commission
State Office Building
Austin 1, Texas

Dear Mr. Nieman:

Opinion No. WW-844

Re: Location of
Boundaries of the
State Capitol
Grounds as outlined
by S.B. 437, Ch. 313,
55th Leg., R.S.

      You have requested an opinion of this office con-
cerning a clarification and definition of the boundaries of
the Capitol grounds as outlined by Section 1 of Senate Bill
437, Acts of the 55th Legislature, Regular Session, 1957,
Chapter 313, page 758, codified as Article 861b, Vernon's
Penal Code.

      As stated by you, the purpose of the request is to
avoid encroachment on the Capitol grounds, as defined by Ar-
ticle 861b, when the State Building Commission undertakes to
landscape the area north of the Capitol and located between
the Supreme Court Building and the State Office Building.  The
"landscaping" is to consist of "walks, planting, sprinkler
systems, lights, etc."

      Section 1 of Article 861b, Vernon's Penal Code,
provides:

      "Section 1.  It shall be unlawful, without
the prior express consent of the Legislature,
for any officer of this state or any employee
thereof or any other person to construct, build,
erect or maintain any building, structure, memori-
al, monument, statue, concession or any other
structure including creation of parking areas
or the laying of additional paving on any of the
grounds that surrounded the State Capitol on
January 1, 1955, and which grounds were then
bounded by Eleventh, Brazos, Thirteenth and Colo-
rado Streets, in the City of Austin, Texas, whether
such land lay inside or outside the fence enclosing
part of the grounds; provided, however, that paved
access and underground utility installations may

> be constructed and maintained; provided
> further, that the provisions of this Act
> shall not apply to the Supreme Court Build-
> ing, according to the approved plans dated
> October 29, 1956, nor to the State Office
> Building, according to the approved plans
> dated November, 1956."

The work contemplated in your request necessitates the definite location of the boundary line of the area bounded by Thirteenth Street in order to comply with the purpose of the subject statute. We are aware of the decisions which hold that there is a presumption that title extends to the center line of a street when the description calls for a boundary by street name. As indicated, these decisions involved title questions, an issue not present in this situation. In addition, the purpose behind the presumption, i.e., to avoid and discourage separate ownership of narrow strips of land, State v. Arnim, 173 S.W.2d 503 (Tex.Civ.App., error refused, w.o.m. 1943), has no application here. We therefore do not feel that this presumption is controlling in answering your request.

It is our opinion that when the Legislature used the phrase "bounded by" they intended to describe the land up to the named streets. It manifestly was the purpose of the Legislature to prohibit further construction upon the grounds which were then landscaped and being maintained.

Section 6 of Article 861b of Vernon's Penal Code provides:

> "Sec. 6. The fact that the Capitol grounds
> were planned to furnish a landscaped area suffi-
> cient to set off the massive granite building and
> that this attractive setting would be destroyed
> by conversion of the grounds to parking lots, or
> erection of structures of any kind that would nec-
> essarily result in reducing the space needed to
> surround a building of the size of the Capitol, and
> the further fact that this building is not simply
> an office building, to be closely surrounded and
> hemmed in and obscured by brick and concrete, but
> a symbol of and the habitation of the state govern-
> ment which should remain in its green setting of
> native trees and flowers so that the citizens of
> Texas can take pride in their Capitol when they
> visit it, creates an emergency and an imperative
> public necessity that the Constitutional Rule re-
> quiring bills to be read on three several days in
> each House be suspended; and said Rule is hereby

suspended, and this Act shall be in effect from and after its passage, and it is so enacted." (Emphasis added.)

This section indicates that the Legislature was concerned with, and intended to prevent, a <u>reduction</u> of the Capitol grounds then landscaped, and not with land which subsequently might come within the control of the State.

SUMMARY

The boundaries of the Capitol grounds as defined in Section 1 of Article 861b of Vernon's Penal Code consist of the South line of Thirteenth Street, the West line of Brazos Street, the North line of Eleventh Street, and the East line of Colorado Street.

Yours very truly,

WILL WILSON
Attorney General of Texas

By

Robert H. Walls
Assistant

RHW:bh

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Thomas Burrus
James R. Irion III

REVIEWED FOR THE ATTORNEY GENERAL
BY:
Leonard Passmore